UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN SHRIMP PROCESSORS ASSOCIATION<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES,<br><br>　　　　　　　Defendant. | Ct. No. 25-00027 |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, the American Shrimp Processors Association ("ASPA" or "Plaintiff" or "Petitioner"), by and through its undersigned attorneys, hereby files the instant complaint and alleges as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1.　　Plaintiff contests certain aspects of the final determination issued by the U.S. Department of Commerce ("Commerce") in the final affirmative antidumping duty ("AD") determination in the investigation of frozen warmwater shrimp from Indonesia. The final determination was published by Commerce in the Federal Register as *Frozen Warmwater Shrimp from Indonesia: Final Affirmative Determination of Sales at Less-Than-Fair Value,* 89 Fed. Reg. 85,498 (Dep't Commerce Oct. 28, 2024). The findings and conclusions of the contested determination are set forth in the accompanying Issues and Decision Memorandum for the Final Affirmative Determination of Sales at Less-Than-Fair-Value of Frozen Warmwater Shrimp from Indonesia (Dep't Commerce Oct. 21, 2024).

1

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). That section confers on the U.S. Court of International Trade jurisdiction to review final Commerce determinations under 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(ii) of the Tariff Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(ii).

## STANDING OF THE PLAINTIFF

3. The ASPA is a trade association, a majority of whose members manufacture, produce, or wholesale the domestic like product, frozen warmwater shrimp, in the United States. Consequently, the ASPA is an "interested party" as defined by 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(E). The ASPA was the petitioner and an active participant in the antidumping duty investigation which resulted in the contested determination that is the subject of this appeal. Accordingly, the ASPA has standing pursuant to 19 U.S.C. § 1516a(d) as a party to the proceeding in connection with which this Complaint arises and is entitled to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. Section 516A(a)(2)(A)(i)(II) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(i), the summons must be filed within thirty (30) days of the date of publication in the Federal Register of the AD order based upon the contested determination, and the complaint must be filed within thirty (30) days thereafter. *See* 19 U.S.C. § 1516a(a)(2)(A)(i)(II). Commerce published the contested final determination in the Federal Register on October 28, 2024. *See Frozen Warmwater Shrimp From Indonesia: Final Affirmative Determination of Sales at Less-Than-Fair Value*, 89 Fed.

Reg. 85,498 (Dep't Commerce Oct. 28, 2024). The antidumping duty order based on the final determination was published in the Federal Register on December 26, 2024. *See Frozen Warmwater Shrimp From Indonesia: Antidumping Duty Order; Frozen Warmwater Shrimp From Ecuador, India, and the Socialist Republic of Vietnam: Countervailing Duty Orders*, 89 Fed. Reg. 104,982 (Dep't Commerce Dec. 26, 2024). On January 23, 2025, within thirty (30) days of the publication of the AD order on December 26, 2024, the ASPA filed a summons with this Court. The ASPA is filing this Complaint within thirty days of the filing of the summons, the time specified in Section 516A(a)(2)(A)(i)(II) of the Act. *See* U.S. Court of International Trade Rule 6(a)(1); *see also* 28 U.S.C. § 2636(c). Thus, this action is timely brought.

## STANDARD OF REVIEW

5.  This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1671d to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

6.  Commerce initiated its AD investigation of frozen warmwater shrimp from Ecuador and Indonesia on November 21, 2023, following the filing of a petition on October 25, 2023, an amendment to the proposed scope on October 26, and responses to supplemental Commerce questions on October 31, November 1, November 8, and November 13, by the American Shrimp Processors Association. *Frozen Warmwater Shrimp from Ecuador and Indonesia: Initiation of Less-Than-Fair-Value Investigations*, 88 Fed. Reg. 81,043 (Dep't Commerce Nov. 21, 2023).

7.  On May 30, 2024, Commerce published its preliminary determination in the investigation. It made an affirmative finding of sales at less than fair value, assigning a dumping

margin of 6.3% to PT First Marine Seafoods/PT Khom Foods ("First Marine") and All Others and a zero margin to BMS. *Frozen Warmwater Shrimp from Indonesia: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures*, 89 Fed. Reg. 46,861 (Dep't Commerce May 30, 2024). It selected the financial statements of the Indian company PT Central Proteina Prima TBK ("CP Prima") to determine profit and expense ratios for use with constructed values for BMS and First Marine. It also modified the costs reported by BMS for its shrimp sold with sauce to be sauce exclusive by removing the portion of the price attributable to the sale of the sauce, as the sauce was not subject merchandise. Decision Memorandum for the Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Frozen Warmwater Shrimp from Indonesia at 14-15 (Dep't Commerce May 22, 2024).

8. Commerce verified the questionnaires filed by the mandatory respondents in Indonesia in June of 2024. On July 22, 2024, it issued a verification report on the sales information reported by BMS and on August 6, 2024, a verification report on BMS's cost information. On August 2, 2024, Commerce issued a verification report on the sales information reported by First Marine and on September 6, 2024, a verification report on First Marine's cost information.

9. Petitioner filed a case brief on sales issues on August 14, 2024, in which it asked Commerce to use adverse facts available ("AFA") to value BMS's domestic brokerage costs. Petitioner filed a case brief on cost issues on September 16, 2024. In it, Petitioner asked Commerce to rely on AFA to determine a final dumping margin for PT Bahari Makmur Sejati ("BMS") as BMS had reported incomplete, inaccurate, and contradictory cost information that Commerce could not rely on. Petitioner also asked that should Commerce determine to rely on

4

BMS's reported costs, it should use quarterly costs as there were significant changes in shrimp costs during the Period of Investigation ("POI").

10. The respondent First Marine filed a case brief on September 16, 2024, asserting that Commerce should reject the use of the financial statements of CP Prima for constructed value profit and expense amounts but should use the financials for the Indonesian company PT Panca Mitra Multiperdana ("PMMP").

11. The respondent BMS filed a sales case brief on August 14, 2024. BMS asked Commerce to allocate the unadjusted sales prices for shrimp sold with sauce to the shrimp so as to increase those prices.

12. On August 18, 2024, Petitioner filed a rebuttal brief that responded to BMS's sales case brief. Petitioner asserted that Commerce should continue to adjust the prices of BMS's sales of shrimp with sauce so as to allocate the portion of the sales price attributable to shrimp to shrimp and that portion attributable to sauce to sauce.

13. On September 23, 2024, Petitioner filed a rebuttal brief that responded to First Marine's cost case brief. Petitioner asserted that should Commerce choose not to use the financial statements of CP Prima (the company that Commerce relied on for its preliminary determination), it should use the financial statements of PT Japfa Comfeed Indonesia TBK ("Japfa") for its ratios. Petitioner demonstrated that the company advocated for by First Marine (PMMP) was not suitable for use for home market profit and expense ratios.

14. On October 16, 2024, counsel for Petitioner participated in an *ex parte* video conference with Commerce staff.

15. On October 28, 2024, Commerce made a final affirmative finding of sales at less than fair value, assigning a dumping margin of 3.9% to First Marine and All Others and a zero

margin to BMS. *Frozen Warmwater Shrimp from Indonesia: Final Affirmative Determination of Sales at Less-Than-Fair Value,* 89 Fed. Reg. 85,498, 85,499 (Dep't Commerce Oct. 28, 2024). As requested by Petitioner, for its final determination, Commerce modified the domestic brokerage expenses reported by BMS and used its quarterly costs. However, Commerce rejected Petitioner's requests that Commerce use adverse facts available to determine a margin for BMS; relied on the financial statements of PMMP for profit and expense ratios for constructed values for BMS and First Marine, and allocated the entire sales prices for sales of shrimp with sauce to the shrimp alone. Issues and Decision Memorandum for the Final Affirmative Determination of Sales at Less-Than-Fair-Value of Frozen Warmwater Shrimp from Indonesia (Dep't Commerce Oct. 21, 2024).

## CLAIMS AND BASES FOR RELIEF

### COUNT ONE

16. Paragraphs 1-15 are hereby re-alleged and incorporated by reference.

17. Petitioner demonstrated during Commerce's investigation that the costs reported by BMS were incomplete, inaccurate, and contradictory.

18. Commerce rejected Petitioner's arguments and relied on the cost data reported by BMS. If Commerce had based its determination on all of the facts available in the record, it could have made an affirmative determination of sales at less than fair value by BMS.

19. Commerce's reliance on BMS's reported costs was not supported by substantial evidence and was otherwise contrary to law.

### COUNT TWO

20. Paragraphs 1-19 are hereby re-alleged and incorporated by reference.

21. Commerce relied on the financial statements of PMMP for profit and expense ratios that it used to calculate constructed values for comparison to BMS's U.S. sales.

6

22. PMMP was not a suitable company for use in determining home market profit and expense ratios. Commerce's selection of it was not reasonable. Commerce's use of the PMMP's financials was not supported by substantial evidence and was otherwise contrary to law.

## COUNT THREE

23. Paragraphs 1-22 are hereby re-alleged and incorporated by reference.

24. Commerce's allocation of the entire sales price for shrimp sold with sauce to the shrimp alone inaccurately increased the sale price of the shrimp and so reduced the dumping margin calculated for BMS.

25. Commerce's allocation was not supported by substantial evidence and was otherwise contrary to law.

## COUNT FOUR

26. Paragraphs 1-25 are hereby re-alleged and incorporated by reference.

27. Commerce assigned a dumping margin to all non-reviewed producers and exporters based on the margin it calculated for First Marine. Should ASPA prevail in this appeal, a margin may be assigned to BMS.

28. If so, Commerce should, consistent with its practice, substantial evidence, and the law, correct the dumping margin assigned to all other producers and exporters to conform to the average of the rates for First Marine and BMS.

## PRAYER FOR RELIEF AND JUDGMENT

29. **WHEREFORE,** the American Shrimp Processors Association, respectfully requests that this Court:

    a. hold and declare that the aspects of Commerce's *Final Determination* challenged herein are unsupported by substantial evidence on the record or otherwise not in accordance with law;

    b. remand this case to Commerce for disposition consistent with the decision of

this Court; and

c. provide such other relief as this Court deems just and appropriate.

/s/ William A. Fennell
Roger B. Schagrin
Elizabeth J. Drake
William A. Fennell
Schagrin Associates
900 7th Street NW
Suite 500
Washington, D.C. 20001
Tel.: (202) 223-1700
E-mail: wfennell@schagrinassociates.com

Dated: February 21, 2025

## **CERTIFICATE OF SERVICE**

**Frozen Warmwater Shrimp from Indonesia (Investigation)**
**A-560-842**
*American Shrimp Processors Association v. United States,* Court No. 25-00027

      The undersigned hereby certifies that, pursuant to USCIT Rule 3(f), a copy of the foregoing Complaint was served upon the following parties by certified mail, return receipt requested, on February 21, 2025:

**UPON THE UNITED STATES:**

Attorney General of the United States
Attorney-in-Charge
International Trade Field Office
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Supervising Attorney
Commercial Litigation Branch – Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Kara Westercamp
Commercial Litigation Branch – Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**UPON THE DEPARTMENT OF COMMERCE:**

Robert Heilferty, Esq.
Chief Counsel
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
14th Street and Constitution Ave., NW
Washington, DC 20230

**UPON INTERESTED PARTIES:**
Service List (A-560-842)
Frozen Warmwater Shrimp from Indonesia
INV – Investigation

Nathaniel Rickard, Esq
**Picard Kentz & Rowe LLP**
1155 Connecticut Avenue, NW
Suite 700
Washington, DC 20036

Edward T. Hayes, Esq.
**Leake & Anderson, LLP**
1100 Poydras Street
Suite 1700
New Orleans, LA 70163

Jennifer Michele Smith-Veluz, Esq.
**The Bristol Group PLLC**
1707 L Street, NW
Suite 570
Washington, DC 20036

Kelly Alice Slater, Esq.
**Appleton Luff Pte Ltd**
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036

Matthew J. McConkey, Esq.
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006-1101

Robert George Gosselink, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003

Brittney Powell, Esq.
**Fox Rothschild LLP**
2020 K Street, NW, Suite 500
Washington, D.C. 20006

Andrew McAllister
**Holland & Knight LLP**
800 17th Street, NW
Suite 1100
Washington, DC 20006

/s/ William A. Fennell
William A. Fennell
